IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASE NO. 11-241 (DRD)

[43] ANTHONY TORRES-LOPEZ,
Defendant.

## PLEA AGREEMENT
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney; José Capó-Iriarte, Assistant United States Attorney and Chief, Criminal Division; Julia Diaz-Rex, Assistant United States Attorney, Deputy Chief of the Narcotics Unit; and G. A. Massucco-LaTaif, Assistant United States Attorney, along with Defendant, [43] **ANTHONY TORRES-LOPEZ** and his counsel Diego H. Alcala-Laboy and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. COUNT TO WHICH DEFENDANT PLEADS GUILTY

The defendant agrees to plead guilty to COUNT ONE of the Superseding Indictment. Count One charges that from in or about February of the year 1998, and continuing up to and until the date of the Superseding Indictment, in the La Perla Ward, San Juan, District of Puerto Rico, and within the jurisdiction of this Court, defendant [43] Anthony Torres-Lopez and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States,

that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of one (1) kilogram of heroin, a Schedule I Narcotic Controlled Substance; and/or in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; and/or in excess of one thousand (1000) kilograms of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of the real property comprising a public or private school and/or public housing project and/or a playground, as prohibited by Title 21, United States Code, §§841(a)(1) and 860. All in violation of Title 21, United States Code, § 846.

## 2. MAXIMUM PENALTIES

The defendant understands that the penalty for the offense charged in **COUNT ONE** of the Indictment is: a term of imprisonment which shall not be less than ten (10) years and up to life imprisonment; a fine of ten (10) million dollars ($10,000,000); and a term of supervised release of not less than five (5) years, in addition to any term of incarceration, pursuant to Title 21, United States Code, Section 841(b)(1)(B). In accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that of Section 841, and at least twice the term of supervised release authorized by Section 841.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least five hundred (500) grams, but less than two (2) kilograms of cocaine, the defendant faces a term of imprisonment of not less than 5 (five) but not more than forty (40) years, a fine of five million dollars ($5,000,000), and a term of supervised release of at least four (4) years in addition to any term of incarceration, pursuant to Title 21, United States Code, Section 841(b)(1)(C). In accordance with Title 21, United States Code, Section 860, the maximum

2

penalties would be twice that of Section 841, and at least twice the term of supervised release authorized by Section 841.

### 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT



Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 5. FINES

Defendant is aware that the Court may, pursuant to USSG §5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines.

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations

3

and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

| Sentencing Guidelines Calculations Table Count One. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level | At least 500 grams but less than 2 kilograms of cocaine (24) USSG:2D1.1(c)(8) | | | | | | | 24 |
| Protected Location | U.S.S.G. § 2D1.2(a)(1) | | | | | | | +2 |
| Acceptance | Acceptance of responsibility (Offense level is 16 or more) (-3) | | | | | | | -3 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level 23 |
| | 23 | 46-57 | 51-63 | 57-71 | 70-87 | 84-105 | 92-115 | |
| | *Note: Because this Base Offense Level triggers a Mandatory Statutory Sentence, the minimum sentence is a term of 60 months of imprisonment. | | | | | | | |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

As to Count One of the Indictment, and after due consideration of the relevant factors enumerated in Title18, United States Code, Section 3553(a), the parties agree to request a sentence

4

A.T.L

of the Mandatory Statutory Minimum, 60 months, or the lower end of the applicable guidelines as calculated at the date of sentencing (and as addressed by the PSR) should it be greater than 60 months. *The parties agree that defendant be credited for 6 months he served in the District (June 2016 – Dec. 2016) before being brought to Court. The parties further agree that this shall be concurrent to CR 11-CR569 PAC (So Dist NY).*

## 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 60 months or the lower end of the guidelines at the date of sentencing if it is greater than 60 months, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel Diego H. Alcala-Laboy and that counsel has rendered effective legal assistance.

## 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorneys would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant

could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

## 15. FORFEITURE AGREEMENT

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of Title 21, United States Code, Section 841. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations up to the amount stated above. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the

past three years, or in which the defendant has or had any financial interest during that time. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to

forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant by agreeing to the forfeiture stated above, acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty.

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

## 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

### 20. DISMISSAL OF PENDING COUNTS IN THE INDICTMENT

After sentencing, the United States of America will move to dismiss the pending counts of Indictment, if the defendant is sentenced pursuant to the terms, conditions and recommendations of the Plea Agreement.

### 21. BREACH AND WAIVER

The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under

the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
José Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 1/22/18

_____
Julia Diaz-Rex
Assistant United States Attorney
Deputy Chief, Narcotics Unit
Dated: 22 JAN 18

_____
G. A. Massucco-LaTaif
Assistant United States Attorney
Dated: _____

_____
Diego H. Alcala-Laboy
Counsel for Defendant
Dated: 1-25-18

_____
Anthony Torres-Lopez
Defendant
Dated: 1-25-18

11

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: _1-25-2015_   _____
                     Anthony Torres-Lopez / Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: _1-25-2015_   _____
                     Diego H. Alcala-Laboy
                     Defendant's counsel

12

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and Defendant, **ANTHONY TORRES-LOPEZ**, agree that the following recital provides a true and accurate summary of the facts leading to defendant's acceptance of criminal responsibility for violation of 21, United States Code, §§841(a)(1),860, and 846.

Count One charges that from in or about the year 1998, and continuing up to and until the return of the instant Indictment, in the specifically in the La Perla Ward, San Juan, District of Puerto Rico and within the jurisdiction of this Court, defendant **ANTHONY TORRES-LOPEZ** and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground, as prohibited by Title 21, United States Code, Sections 841(a)(1) and 860. All in violation of Title 21 United States Code, Section 846.

The object of the conspiracy was to distribute controlled substances at and around La Perla Ward, as well as to supply controlled substances to drug distribution points located throughout the Island of Puerto Rico; all for significant financial gain and profit. Defendant **ANTHONY TORRES-LOPEZ** would act as one of the sellers of the drug trafficking organization and while the conspiracy distributed in excess of 1 kilogram of heroin, five kilograms of cocaine, and one thousand kilograms of marijuana, defendant acknowledges that during the

US v. [43] Anthony Torres-Lopez, Criminal No. 11-241(DRD)
Plea Agreement

span of the conspiracy he possessed with intent to distribute at least 500 grams but less than 2 kilograms of cocaine at locations within the Area of La Perla Ward, San Juan, Puerto Rico.

Defendant admits that he joined the conspiracy willfully and knowingly and that it was his intent at all times that the object of the conspiracy succeed. At no time prior to his arrest did the defendant manifest his intent to withdraw from the conspiracy.

Defendant admits that the facts contained in this statement are true, including any handwriting edits that may be added to the statement. The defendant herein adopts the statement as his testimony in support of his guilty plea and requests the Court to consider it as the basis for its finding of Guilt as to Count One to which he has pled. Nobody has forced, coerced, or made any threats to induce the defendant to enter into this stipulation of facts and he admits that he is doing so because the statement is in fact true.

At trial, the United States would have proven beyond a reasonable doubt that defendant **ANTHONY TORRES-LOPEZ** is guilty as charged in Count One of the Indictment by presenting physical and documentary evidence, photographs, testimony of a forensic chemist as an expert witness, as well as the testimony of law enforcement agents and others.

Discovery was timely made available to Defendant for review.

This _____25th_____ day of _____January_____, 2018.

_____
**G. A. Massucco-LaTaif**
Assistant United States Attorney

_____
**Diego H. Alcala-Laboy**
Counsel for Defendant

_____
**Anthony Torres-López**
Defendant

15